HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

MAMMOET SALVAGE B.V.,

        Plaintiff,

vs.

OCEAN SERVICES L.L.C.,

        Defendant.

---

: Index No.:
:
: **VERIFIED COMPLAINT**

Plaintiff, Mammoet Salvage B.V. (hereinafter "Mammoet"), by its attorneys, Hill Rivkins & Hayden LLP, as and for its Verified Complaint against the above named defendant alleges upon information and belief as follows:

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for a breach of a maritime contract. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

2. At and during all material times hereinafter mentioned, Plaintiff Mammoet was and now is a corporation or other business entity organized and existing by virtue of the laws of The Netherlands with a principal place of business at Schiedam, The Netherlands.

3. Upon information and belief, at and during all material times hereinafter mentioned, Defendant Ocean Services L.L.C. (hereinafter "OSLLC") was and now is a domestic business entity organized and existing by virtue of the laws of one of the States of the United

States with an office and place of business at 4 Nickerson Street, Suite 301, Seattle, Washington 98109.

4. OSLLC is a domestic corporation that is involved in providing marine research, surveying and support services.

5. On May 29, 2007, OSLLC and Mammoet entered into an International Wreck Removal and Marine Services Agreement ("WRECKHIRE 99") whereby Mammoet would remove the M/V "OCEAN LEADER" a research vessel beneficially owned by OSLLC which sank off the coast of Tuxpan, Mexico on or about December 1, 2006.

6. Pursuant to the terms of the WRECKHIRE 99, Mammoet performed salvage and wreck removal services preparatory to removal of the said vessel in accordance with the orders of the Government of Mexico issued to OSLLC and pursuant to said authorities' approval of Mammoet's plan on June 18, 2007.

7. OSLLC is enrolled in the American Club (hereinafter the "Club") which provides protection and indemnity coverage to OSLLC including the risk of wreck removal, amongst other coverages.

8. The Club approved Mammoet's wreck removal plan and agreed to pay Mammoet directly for its services.

9. As of the date of this pleading, Mammoet has invoiced the Club and OSLLC a total of $4,704,489 of which $2,977,489 has been paid by the American Club, leaving a balance due of $1,727,000.

10. The Club has declined to pay Mammoet any further sums, citing approximately $3,500,000 in bonds posted by it with the Government of Mexico to secure the wreck removal of the M/V "OCEAN LEADER" and a $6,000,000 policy limit on the primary coverage it affords

OSLLC. This last fact was not made known to Mammoet until June of 2007, after the WRECKHIRE 99 had been signed, the Club had approved the wreck removal plan, and work had begun.

11. Mammoet has repeatedly billed OSLLC and the Club for the outstanding balance due in accordance with the WRECKHIRE 99, but without result.

12. As a result of refusal of OSLLC to pay, Mammoet has suffered and will suffer damages in the amount of $1,727,000, for which it is entitled to restitution.

13. This action is brought to obtain jurisdiction over Defendant OSLLC and to enforce any eventual arbitration award rendered in New York as well as to obtain security for that arbitration.

14. As best as can now be estimated, Mammoet's damages will amount to $1,807,000, consisting of unpaid fees for services and arbitrators' fees estimated at $80,000.

15. After investigation, Defendant OSLLC cannot be "found" in this District for purposes of and as delineated in Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Plaintiff is informed that Defendant OSLLC has, or will shortly have, assets within this District, including but not limited to, cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and sub-charter hire, at or being transferred and/or wired to, from or through local banks:

JPMorgan Chase Bank NA, Citibank NA, American Express Bank Ltd., Bank of America, Bank of New York, Deutsche Bank, HSBC, BNP Paribas, Wachovia Bank NA, ABN Amro, Atlantic Bank of NY, Standard Chartered Bank, Bank of Communications, The Bank of East Asia (USA) NY, Bank of China, Shanghai Commercial Bank Ltd., Bank of Tokyo-Mitsubishi, Bank of India, Barclays Bank, Calyon, Credit Suisse, Rabobank, Wells Fargo Bank, US Bank, UBS, Nordea Bank Finland PLC;

and/or other garnishees as further investigation may uncover.

16. The total amount sought to be attached by Mammoet pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims is $1,807,000, inclusive of arbitrators' fees.

**WHEREFORE**, plaintiff Mammoet prays:

1. That process in due form of law according to the practice of this Court may issue against Defendant OSLLC citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim, plus interest, costs and attorneys' fees;

2. That if Defendant OSLLC cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, that all assets of Defendant up to and including $1,807,000 be restrained and attached, including but not limited to cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, at or being transferred and/or wired to, from or through:

JPMorgan Chase Bank NA, Citibank NA, American Express Bank Ltd., Bank of America, Bank of New York, Deutsche Bank, HSBC, BNP Paribas, Wachovia Bank NA, ABN Amro, Atlantic Bank of NY, Standard Chartered Bank, Bank of Communications, The Bank of East Asia (USA) NY, Bank of China, Shanghai Commercial Bank Ltd., Bank of Tokyo-Mitsubishi, Bank of India, Barclays Bank, Calyon, Credit Suisse, Rabobank, Wells Fargo Bank, US Bank, UBS, Nordea Bank Finland PLC;

and/or other garnishees upon who a Writ of Maritime Attachment and Garnishment may be served;

3. And for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      February 22, 2008

                        HILL RIVKINS & HAYDEN LLP
                        Attorneys for Plaintiff

                By: _____
                        Thomas E. Willoughby (TW 4452)
                        45 Broadway
                        New York, New York 10006
                        (212) 669-0600

## VERIFICATION

I, Thomas E. Willoughby, hereby affirm as follows:

1. I am a member of the firm Hill Rivkins & Hayden LLP, attorneys for Plaintiff Mammoet Salvage B.V. I have prepared and read the foregoing Verified Complaint and know the contents thereof and, the same is true to the best of my knowledge, information and belief.

2. The sources of my knowledge, information and belief are documents provided by our clients and our discussions with them.

3. As Plaintiff is a foreign business entity with a principal place of business in Holland and none of its officers is located in the Southern District of New York, this verification is made by me as counsel of record.

I hereby affirm that the foregoing statements are true and correct.

Dated: New York, New York
February 22 , 2008

Thomas E. Willoughby (TW-4452)